UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION - CENTRAL ISLIP

-----------------------------------------------------------------------x

| | |
|---|---|
| Susan Parker and Patricia Parker, On Behalf of Themselves and All Others Similarly Situated<br><br>Plaintiffs,<br><br>- against –<br><br>Pressler & Pressler LLP, Sheldon H. Pressler, Gerard J. Felt, Lawrence J. McDermott, Jr, and David B. Warshaw, Midland Funding LLC a/k/a Midland Funding of Delaware LLC<br><br>Defendants. | **COMPLAINT and DEMAND FOR TRIAL BY JURY**<br><br>Civil Action, File No. 2:17-CV-02788 |

-----------------------------------------------------------------------x

Plaintiffs, Susan Parker and Patricia Parker on behalf of themselves and all others similarly situated, by and through their attorney, Akiva Shapiro, Esq., complain of Defendants, Pressler & Pressler LLP ("Pressler & Pressler"), Sheldon H. Pressler ("Pressler"), Gerard J. Felt ("Felt"), Lawrence J. McDermott, Jr. ("McDermott"), David B. Warshaw ("Warshaw") and Midland Funding LLC a/k/a Midland Funding of Delaware LLC ("Midland") and allege as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k (d), 28 USCS §1331, and 28 USCS § 1332 (d) (2) (A).

2. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 based on the claims under New York General Business Law § 349 ("NY GBL § 349").

3. This is a proposed class action alleging violations of 15 U.S.C. § 1692, et. seq. ("Fair Debt Collection Practices Act" or "FDCPA").

4. With respect to Pressler & Pressler and Midland, venue in this district is proper based on Pressler & Pressler' and Midland's regular transaction of business within this district. Pressler & Pressler and Midland also derive substantial revenue from services rendered in this district. Their transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district and the use of state and city courts within this district to litigate debt collection cases against consumers who reside in this district. Additionally, Plaintiff's reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district. See 28 USCS § 1391 (b) (2).

5. With respect to the other Defendants, venue in this district is proper based on each of the other Defendants being a partner in Pressler & Pressler and each Defendant, as a partner, deriving substantial revenue obtained by Pressler & Pressler because of its transaction of business and performance of services in this district.

## THE PARTIES

### SUSAN AND PATRICIA PARKER

6. Susan Parker and Patricia Parker are natural persons.
7. Susan Parker and Patricia Parker are "consumers" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

### PRESSLER & PRESSLER

8. Pressler & Pressler is a limited liability partnership with a place of business located at 305 Broadway, 9th Floor, New York, NY 10007 and 7 Entin Rd., Parsippany, New Jersey 07054. Pressler & Pressler uses the New York address on their legal documents in this case.
9. Midland is a limited liability company with a place of business located at 8875 Aero Drive Ste 200, San Diego, CA 92123.
10. A debt collector as defined by the FDCPA, 15 USC 1692b (6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal

purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 USC 1692b (6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

11. The principal purpose of Pressler & Pressler is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present, Pressler & Pressler has acted as the attorney for Midland in many thousands of lawsuits. These lawsuits have been brought and prosecuted by Pressler & Pressler on behalf of their clients in virtually every city, town and county throughout New York State and in virtually every court throughout New York State.

13. Moreover, the CFPB has found that Pressler & Pressler, Pressler, and Felt "…regularly represent clients in litigation to collect Debts and have filed more than 500,000 lawsuits against consumers, on behalf of clients, between 2009 and 2014." See **Exhibit G**, § 6 (discussed in more detail below).

14. On a consistent and regular basis over a period of numerous years through the present, Pressler & Pressler, without using the courts, has collected debts from consumers who reside in virtually every city, town and county throughout New York State.

15. Further, on April 25, 2016, the Consumer Financial Protection Board ("CFPB"), on behalf of the federal government, issued a Consent Order as part of <u>In the Matter of Pressler & Pressler, LLP, Sheldon H. Pressler and Gerald J. Felt</u> ("CFPB Consent Order"), Administrative Proceeding File No. 2016-CFB-0009. Pressler & Pressler executed a "Stipulation and Consent to the Issuance of a Consent Order," dated

April 22, 2016, which was incorporated by reference into the above Consent Order. By this Stipulation, Pressler & Pressler has consented to the issuance of the above Consent Order, admits that the CFPB has jurisdiction over it and the subject matter of the Consent Order by virtue of Pressler & Pressler being a "debt collector" as defined by 15 U.S.C. § 1692a (6) of the FDCPA. The CFPB Stipulation and Consent to the Issuance of a Consent Order is attached as **Exhibit G**. See ¶ 22.

16. Therefore, for either or both reasons set forth in the immediately preceding paragraphs, Pressler & Pressler is a "debt collector" as defined by 15 U.S.C. § 1692a (6) of the FDCPA.

## MIDLAND

17. The principal purpose of Midland is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

18. Midland, therefore, is a "debt collector" as defined by 15 U.S.C. § 1692a (6) of the FDCPA.

## PRESSLER

19. On April 25, 2016, the Consumer Financial Protection Board ("CFPB"), on behalf of the federal government, issued a Consent Order as part of <u>In the Matter of Pressler & Pressler, LLP, Sheldon H. Pressler and Gerald J. Felt</u>, Administrative Proceeding File No. 2016-CFB-0009. Pressler & Pressler executed a "Stipulation and Consent to the Issuance of a Consent Order," dated April 22, 2016, which was incorporated by reference into the above Consent Order. By this Stipulation, Pressler & Pressler has consented to the issuance of the above Consent Order, admits that the CFPB has jurisdiction over it and the subject matter of the Consent Order by virtue of Pressler & Pressler being a "debt collector" as defined by 15 U.S.C. § 1692a (6) of the FDCPA.

20. A debt collector as defined by the FDCPA, 15 USC 1692b (6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 USC 1692b (6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

21. Pressler is an "individual", an attorney and a partner of the "debt collector" Pressler & Pressler, a main financial beneficiary of "debt collector" Pressler & Pressler, an individual with a principal place of business located at "debt collector" Pressler & Pressler, and/or controls and/or supervises the debt collection activities of "debt collector" Pressler & Pressler. The above Consent Order sets forth that Pressler is a partner of Pressler & Pressler who had managerial responsibility for Pressler & Pressler and materially participated in the conduct of its debt-collection litigation practices. Pressler, therefore, for one or more of the reasons in this paragraph is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

22. For one or both of the above reasons set forth in the immediately preceding paragraphs, Pressler is a "debt collector" as defined by 15 U.S.C. § 1692a (6) of the FDCPA.

23. Pressler is accordingly liable to Plaintiffs based on being a "debt collector" and based on the acts of Pressler & Pressler.

24. Pressler is a partner of Pressler & Pressler, has a financial interest in Pressler & Pressler, derives a substantial amount of his income or assets from his interest in Pressler & Pressler, has managerial responsibility for Pressler & Pressler, and materially participates in the conduct of its debt collection and litigation. By virtue of

the above allegations in this paragraph and by virtue of the business conducted by Pressler & Pressler throughout New York State, Pressler transacts business in New York through Pressler & Pressler. This court therefore has jurisdiction over Pressler.

FELT

25. On April 25, 2016, the Consumer Financial Protection Board ("CFPB"), on behalf of the federal government, issued a Consent Order as part of In the Matter of Pressler & Pressler, LLP, Sheldon H. Pressler and Gerald J. Felt, Administrative Proceeding File No. 2016-CFB-0009. Pressler & Pressler executed a "Stipulation and Consent to the Issuance of a Consent Order," dated April 22, 2016, which was incorporated by reference into the above Consent Order. By this Stipulation, Pressler & Pressler has consented to the issuance of the above Consent Order, admits that the CFPB has jurisdiction over it and the subject matter of the Consent Order by virtue of Pressler & Pressler being a "debt collector" as defined by 15 U.S.C. § 1692a (6) of the FDCPA.

26. A debt collector as defined by the FDCPA, 15 USC 1692b (6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 USC 1692b (6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

27. Felt is an "individual", an attorney and a partner of the "debt collector" Pressler & Pressler, a main financial beneficiary of "debt collector" Pressler & Pressler, an individual with a principal place of business located at "debt collector" Pressler & Pressler, and/or controls and/or supervises the debt collection activities of "debt collector" Pressler & Pressler. The above Consent Order sets forth that Felt is a partner of Pressler & Pressler who had managerial responsibility for Pressler & Pressler and materially participated in the conduct of its debt-collection litigation

practices. Felt, therefore, for one or more of the reasons in this paragraph is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

28. For one or both of the above reasons set forth in the immediately preceding paragraphs, Felt is a "debt collector" as defined by 15 U.S.C. § 1692a (6) of the FDCPA.

29. Felt is accordingly liable to Plaintiffs based on being a "debt collector" and based on the acts of Pressler & Pressler.

30. Felt is a partner of Pressler & Pressler, has a financial interest in Pressler & Pressler, derives a substantial amount of his income or assets from his interest in Pressler & Pressler, has managerial responsibility for Pressler & Pressler, and materially participates in the conduct of its debt collection and litigation. By virtue of the above allegations in this paragraph and by virtue of the business conducted by Pressler & Pressler throughout New York State, Felt transacts business in New York through Pressler & Pressler. This court therefore has jurisdiction over Felt.

## MCDERMOTT

31. A debt collector as defined by the FDCPA, 15 USC 1692b (6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 USC 1692b (6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

32. McDermott is an "individual", an attorney and a partner of the "debt collector" Pressler & Pressler, a main financial beneficiary of "debt collector" Pressler & Pressler, an individual with a principal place of business located at "debt collector"

Pressler & Pressler, and/or controls and/or supervises the debt collection activities of "debt collector" Pressler & Pressler. McDermott, therefore, is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, McDermott is a debt collector as defined by 15 USC 1692b (6) and 1 USC 1.

33. McDermott is accordingly liable to Plaintiffs based on being a "debt collector" and based on the acts of Pressler & Pressler.

34. McDermott is a partner of Pressler & Pressler, has a financial interest in Pressler & Pressler, derives a substantial amount of his income or assets from his interest in Pressler & Pressler, has managerial responsibility for Pressler & Pressler, and materially participates in the conduct of its debt collection and litigation. By virtue of the above allegations in this paragraph and by virtue of the business conducted by Pressler & Pressler throughout New York State, McDermott transacts business in New York through Pressler & Pressler. This court therefore has jurisdiction over McDermott.

### WARSHAW

35. A debt collector as defined by the FDCPA, 15 USC 1692b (6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 USC 1692b (6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

36. Warshaw is an "individual", an attorney and a partner of the "debt collector" Pressler & Pressler, a main financial beneficiary of "debt collector" Pressler & Pressler, an individual with a principal place of business located at "debt collector" Pressler &

Pressler, and/or controls and/or supervises the debt collection activities of "debt collector" Pressler & Pressler. Warshaw, therefore, is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Warshaw is a debt collector as defined by 15 USC 1692b (6) and 1 USC 1.

37. Warshaw is the only one of Pressler & Pressler's partners who is licensed to practice law in New York. Therefore, Warshaw is the person at Pressler & Pressler who has ultimate responsibility with respect to the New York court action against Plaintiffs mentioned below.

38. Warshaw is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of Pressler & Pressler.

39. Warshaw is an attorney duly licensed to practice in the courts of the State of New York, a partner of Pressler & Pressler and the only one of its partners who is licensed to practice law in New York, has a financial interest in Pressler & Pressler, derives a substantial amount of his income or assets from his interest in Pressler & Pressler, has managerial responsibility at Pressler & Pressler especially with respect to Pressler & Pressler's litigation activities throughout New York, actively participates in the business activities of Pressler & Pressler especially with respect to Pressler & Pressler's litigation activities throughout New York, and materially participates in the conduct of Pressler & Pressler's debt collection activities. By virtue of the above allegations in this paragraph and by virtue of the business conducted by Pressler & Pressler throughout New York State, Warshaw transacts business in New York through Pressler & Pressler. This court therefore has jurisdiction over Warshaw.

## THE FACTS

40. On or about August 24, 2010, Midland, as plaintiff, filed a lawsuit against Patricia Parker in the District Court of the County of Nassau, First District under Index No. C440457 [the "State Court Action"]. The alleged debt in the State Court Action arose

out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

41. On or about December 22, 2010, Midland obtained a default Judgment in the State Court Action against Patricia Parker. The Default Judgment is attached as **Exhibit A**.

42. On or about May 19, 2016, Pressler & Pressler issued to TD Bank an Information Subpoena and Restraining Notice (the "RN"). Midland identified itself in the RN as "Midland Funding LLC DBA in New York as Midland Funding of Delaware LLC". As discussed in detail below, "Midland Funding of Delaware LLC" was not a name by which Midland was registered to do business as in New York at that time. The Information Subpoena and Restraining Notice is attached as **Exhibit B**.

43. Because of the RN, TD Bank placed a restraint on Patricia Parker's bank account, which was a joint account with Susan Parker, for twice the amount of the judgment.

44. Patricia Parker and Susan Parker had opened the TD Bank account on September 21, 2015.

45. On or about October 11, 2016, Midland initiated a Turnover Proceeding against Patricia Parker and Susan Parker in the District Court of the County of Nassau, First District under Index No. CV-011006-16 [the "Turnover Proceeding"]. Plaintiff therein, Midland, identified itself as "Midland Funding LLC DBA in New York as Midland Funding of Delaware LLC". Again, as discussed in detail below, "Midland Funding of Delaware LLC" was not a name by which Midland was registered to do business as in New York at that time. The Notice of Petition is attached as **Exhibit F**.

### FIRST CAUSE OF ACTION-CLASS CLAIM

46. Plaintiffs repeat and re-allege the allegations contained in all prior paragraphs of this Complaint.

47. In the RN, attorney for Pressler & Pressler makes the following certification (the "Certification of Reasonable Belief"):

> I HEREBY CERTIFY, that this information subpoena complies with Rule 5224 of the civil practice law and rules and section 601 of the general business law that I have a reasonable belief that the party receiving this subpoena has in their possession information about the debtor that will assist the creditor in collecting the judgment.

48. CPLR § 5224 (a) (3) (i) provides as follows:

> **information subpoenas**, served on an individual or entity other than the judgment debtor, **may be served** on an individual, corporation, partnership or sole proprietorship **only if the judgment creditor or the judgment creditor's attorney has a reasonable belief that the party receiving the subpoena has in their possession information about the debtor that will assist the creditor in collecting his or her judgment**. Any information subpoena served pursuant to this subparagraph shall contain a certification signed by the judgment creditor or his or her attorney stating the following: I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT. By signing the certification, the judgment creditor or attorney certifies that, to the best of that person's knowledge, information and belief, **formed after an inquiry reasonable under the circumstances**, that the individual or entity receiving the subpoena has relevant information about the debtor**. (emphasis added).

49. The default judgment was obtained on December 22, 2010. Yet the RN was issued by Pressler & Pressler on May 19, 2016, nearly five and one-half years later, on an account Plaintiffs had opened on September 21, 2015, less than eight months prior to the issuance of the RN.

50. It is not likely that Pressler & Pressler had a reasonable belief formed after inquiry to know that five years after obtaining default judgment, Patricia Parker had opened a bank account at TD Bank.

51. CPLR § 5224 (a) (4) provides as follows:

> (a) Kinds and Service of Subpoena. Any or all of the following kinds of subpoenas may be served:
>
>> (4) **an information subpoena in the form of magnetic tape or other electronic means**. Where the person to be served consents thereto in writing, an information subpoena in the form of magnetic tape or electronic means, as defined in subdivision (f) of rule twenty-one hundred three of this chapter, may be served upon the individual, or if a corporation, partnership, limited liability company, or sole proprietorship, upon the officer, director, agent or employee having the information. (emphasis added).

52. Rather, Plaintiffs believe that Pressler & Pressler on behalf of Midland and other clients engaged in periodic electronic sweeps of financial institutions searching for accounts based on social security numbers without regard to reasonable belief after inquiry. This has become common practice among large debt collectors. By using one such sweep with Patricia Parker's social security number, Pressler & Pressler happened upon the TD Bank account by chance.

53. These electronic sweeps consist of electronic files sent from the law firm to the financial institution accompanied by an omnibus subpoena.

54. Even though the omnibus subpoena contains the same Certification of Reasonable Belief, the electronic files often contain lists of all judgment debtors in the debt collector's inventory, sent without regard for a reasonable belief after inquiry that the financial institution has information pertaining to the judgment debtor that will assist in collections.

55. Therefore, by serving the electronic file accompanied by the omnibus subpoena upon TD Bank, Pressler & Pressler, on behalf of Midland, was required, pursuant to CPLR § 5224, to have performed an inquiry reasonable under the circumstances sufficient to have formed a reasonable belief that TD Bank had information about Patricia Parker.

56. The CFPB has found that Pressler & Pressler, Pressler, and Felt have a history of making representations asserting a reasonable basis for the assertion, but without substantiation:

> 23. As described in Paragraphs 4 through 22, in numerous instances, Respondents represented, directly or indirectly, expressly or by implication, that consumers owed debts to various clients with certain unpaid balances, interest rates, and payment due dates. Respondents further represented to consumers directly or indirectly, expressly or by implication, that Respondents had a reasonable basis for those representations.
>
> 24. In numerous instances the representations set forth in Paragraph 23 were not substantiated at the time the representations were made, including but not limited to where:…

   See **Exhibit G**, ¶¶ 23-24.

57. The misrepresentations are material because they are likely to affect a consumer's and financial institution's choice or conduct regarding how to respond to the RN and are likely to mislead consumers and financial institutions.

58. The misrepresentation of reasonable belief formed after inquiry is in violation of the CFPB Consent Order. See **Exhibit G**, ¶ 44 ("The Firm will maintain policies and procedures requiring that the Firm and its employees comply with the requirements of this Consent Order and the **applicable ethical and procedural requirements for the submission of truthful and accurate evidence in connection with a Collection Suit**." (emphasis added)).

59. By reason of violation of CPLR § 5224, in not having performed an inquiry reasonable under the circumstances, and/or by reason of having so certified without substantiation, Defendants are in violation of 15 USC 1692e, 15 USC 1692e (10) and NY GBL § 349.

## SECOND CAUSE OF ACTION-CLASS CLAIM

60. Plaintiffs repeat and re-allege the allegations contained in all prior paragraphs of this Complaint.

61. On January 22, 2008, Midland, a Delaware corporation, filed an application with New York State for authority to do business in New York as a foreign corporation. At that time, the name "Midland Funding LLC" was in use by another entity in New York. Therefore, Midland chose a different name, "Midland Funding of Delaware LLC". Thus, starting on January 22, 2008, Midland began using the identity "Midland Funding LLC /DBA for Midland Funding of Delaware LLC." Midland's Application for Authority is attached as **Exhibit C**.

62. On October 14, 2011, with the name "Midland Funding LLC" apparently available in New York, Midland filed a Certificate of Amendment in which it amended the name it would do business in New York from Midland Funding of Delaware, LLC to Midland Funding LLC. The Certificate of Amendment specifically stated "now that the actual name is available, request to drop the fictitious name 'MIDLAND FUNDING OF DELAWARE LLC' so as to be known only as the entity's actual name of "MIDLAND FUNDING LLC". Consequently, "Midland Funding of Delaware, LLC" was no longer a name by which Midland was registered to do business as in New York. The Certificate of Amendment is attached as **Exhibit D**.

63. Although as of October 14, 2011 "Midland Funding of Delaware, LLC" was no longer a valid name in New York, the RN set forth the name of the plaintiff and current judgment creditor therein as "Midland Funding LLC DBA in New York as Midland Funding of Delaware LLC." Therefore, the RN was not in Midland's "true name" as required by 1692e (14). See **Exhibit B**.

64. Furthermore, although as of October 14, 2011 "Midland Funding of Delaware, LLC" was no longer a registered name in New York, the Turnover Proceeding set forth the name of the plaintiff therein as "Midland Funding LLC DBA in New York as Midland Funding of Delaware LLC." This was an entirely new proceeding.

Therefore, the Turnover Proceeding was not in Midland's current "true name" as required by 1692e (14). See **Exhibit F**.

65. The misrepresentations are material because they are likely to affect a consumer's choice or conduct regarding how to respond to an allegedly outstanding debt and are likely to mislead consumers.

66. The misrepresentation of Midland's "true name" is in violation of the CFPB Consent Order. See **Exhibit G**, ¶ 44 ("The Firm will maintain policies and procedures requiring that the Firm and its employees comply with the requirements of this Consent Order and the **applicable ethical and procedural requirements for the submission of truthful and accurate evidence in connection with a Collection Suit**." (emphasis added)).

67. Pressler, Felt, McDermott and/or Warshaw determined, controlled, approved and/or acquiesced to the form and content of the RN and the Turnover Proceeding.

68. Based on the above, the issuance of the RN and the Turnover Proceeding setting forth the name of Midland as "Midland Funding LLC DBA in New York as Midland Funding of Delaware LLC" was an attempt to collect a debt in a name other than the true name of the creditor/debt collector in violation of 15 USC 1692e, 15 USC 1692e (10) and (14) and NY GBL § 349.

## THIRD CAUSE OF ACTION-CLASS CLAIM

69. Plaintiffs repeat and re-allege the allegations contained in all prior paragraphs of this Complaint.

70. For the reasons set forth above and below, the signing, filing, and serving of the RN and the Notice of Petition in the Turnover Action amounted to a deceptive act and practice on the part of Defendants.

71. The above actions are consumer oriented for the following reasons:
    a. Plaintiffs are consumers;
    b. The conduct at issue was directed at or directly affected Plaintiffs;
    c. The conduct at issue against Plaintiffs, as consumers, affected or had the potential to affect similarly situated consumers for the following reasons: (1)

    Defendants' attempt to collect debts from hundreds of thousands of consumers throughout all of New York State via (a) RNs and turnover proceedings on behalf of debt buyers/assignees such as Midland; (2) These RNs and turnover proceedings use captions similar in form to the RN and Turnover Proceeding against Plaintiffs and contain similar false statements and misrepresentations; (3) There is no legal right to issue RNs and to initiate turnover proceedings using a non-registered fictitious name and without reasonable belief formed after inquiry, for the same reasons as set forth above regarding the right to issue the RN and to initiate the turnover proceeding against Plaintiffs; (4) The RNs and petitions for turnover use certifications and captions which contain the same type of false statements and misrepresentations as the RN and petition for turnover used against Plaintiffs; and (5) These improper RNs and turnover proceedings result in illegal garnishments and turnover of consumers' property, illegal seizure and collection of consumers' assets, and payments by consumers toward the amount owed as a result of these improper procedures.

72. Plaintiffs suffered injuries as a result of the deceptive acts including but not limited to (a) the freezing of assets in the amount of twice the amount owed as a result of the improper RN, (b) becoming subjected to litigation in the turnover proceeding which there was no right to commence along with the resulting costs of time and money and the emotional distress, and (c) violations of Plaintiffs' rights under the FDCPA.
73. As a result of the above, Defendants are liable under NY GBL § 349.

## CLASS ALLEGATIONS

74. Plaintiffs repeat and re-allege the allegations contained in all prior paragraphs of this Complaint.
75. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).
76. The class consists of:

> I. (a) all natural persons (b) who Defendants have attempted to restrain an account at a financial institution to collect from or enforce a judgment against at any time within one year prior to the filing of this lawsuit (c) by issuing an Information Subpoena to a financial institution certifying that they have a reasonable belief that the party receiving this subpoena has in their possession information about the debtor that will assist the creditor in collecting the judgment, where the basis for reasonable belief cannot be substantiated; and
>
> II. (a) all natural persons (b) who Defendants have attempted to collect from or enforce a judgment against at any time within one year prior to the filing of this lawsuit (c) by issuing a legal document which named the plaintiff and/or current judgment creditor as "Midland Funding LLC DBA in New York as Midland Funding of Delaware"; and

77. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

78. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

79. The predominant common question is whether Defendants' practices violate the FDCPA and NY GBL § 349.

80. Plaintiffs will fairly and adequately represent the interests of the class members.

81. Plaintiffs have retained counsel experienced in debt collection cases.

82. A class action is the superior means of adjudicating this dispute.

83. Individual cases are not economically feasible.

## NO PRIOR APPLICATION

84. No previous application by Plaintiffs has been made for the relief sought herein to this court or any other of competent jurisdiction.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants for:

1. With respect to the class claim, statutory damages ($1,000 for each plaintiff and the lesser of $500,000 or 1% of net worth for the class) and actual damages along with costs and attorney's fees for the violations of the FDCPA;

2. With respect to the non-class claims, statutory damages of $1,000, actual damages of $30,000, and costs and attorney's fees for the violation of the FDCPA,

3. Statutory and actual damages under NY GBL § 349 along with costs and attorney's fees for the violations of NY GBL § 349.

4. With respect to all claims, any and all other relief deemed just and warranted by this court.


Dated: Nassau, New York
May 9, 2017

/s/ Akiva Shapiro
Akiva Shapiro, Esq.
Akiva Shapiro Law, PLLC
Attorney for Plaintiff
Mailing Address:
696 Old Bethpage Road #540
Old Bethpage, NY 11804
Phone: (347) 435-6529
Fax: (347) 710-2543
akiva@shapirolaw.com